UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY, | No. 2:13-cv-1017 MCE AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| FORBES MAGAZINE, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3 490 U.S. at 327.
4     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
7 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
9 this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).
13     Plaintiff brings suit against defendant Forbes Magazine and accuses one of its female
14 employees of emailing plaintiff to gather information as to why plaintiff had sued Bank of
15 America.  Plaintiff claims that she informed defendant that three women kidnaped her child; that
16 she has been falsely imprisoned, which according to plaintiff is a form of bullying; that some
17 women have bullied her for not aging; and that she has been banned from volunteering by women
18 who bully her.  The court finds the allegations in plaintiff's complaint so fantastical and bizarre
19 that it concludes that plaintiff's complaints are "clearly baseless."  Neitzke, 490 U.S. at 327.   For
20 this reason, the complaint must be dismissed.
21     The court also notes that this complaint appears to be one of several hundred frivolous
22 complaints that plaintiff has filed all over the country.  See Ajuluchuku–Levy v. Schleifer, 2009
23 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the United States
24 district courts reveals that as of the date of this Order, Plaintiff has commenced two hundred fifty-
25 eight (258) actions in various district courts across the United States.  Several district courts have
26 noted that "the 'overwhelming majority' of cases filed by plaintiff have been totally without
27 merit.") (quoting Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232, at *3
28 (N.D. Ga. Sep. 14, 2006)).  In light of plaintiff's frivolous allegations herein, as well as her

history of filing frivolous actions containing many of the same allegations, the court will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Plaintiff has an opportunity to oppose by filing objections to these findings and recommendations.  Within fourteen days after being served with these findings and recommendations, she may file written objections with the court and serve all parties.  Such documents should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objection shall be served and filed within ten days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>See generally</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2013

*[signature: Allison Claire]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;levy1017.ifpgrant.dism